NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS I. GAGE, <br><br> Plaintiff, <br><br> v. <br><br> NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, *et al.*, <br><br> Defendants. | Civil Action No. 23-21264 (RK) (RLS) <br><br> **MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on two motions to dismiss. Defendants John Ruschke and his employer Mott MacDonald, LLC ("Mott"), (collectively, "Ruschke") filed a Motion to Dismiss, (ECF No. 20), the Complaint of *pro se* Plaintiff Thomas Gage, (ECF No. 1). Defendants New Jersey Department of Environmental Protection, Shawn M. LaTourette, Christopher Squazzo, and Stephen M. Dench[1] (together, "NJDEP Defendants") also filed a Motion to Dismiss. (ECF No. 24.)[2] The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motions to Dismiss are **GRANTED**.

---

[1] Defendant LaTourette is the Commissioner of the New Jersey Department of Environmental Protection, and Defendants Squazzo and Dench are employees of the department.
[2] The Court will refer to all defendants collectively as "Defendants."

I.  **BACKGROUND**

    A.  **FACTUAL BACKGROUND**

This is one of a never-ending series of complaints that Plaintiff has filed in this district.[3]

This matter arises from Plaintiff's dispute with findings made by the New Jersey Department of

---

[3] The Honorable Michael A. Shipp, in dismissing Plaintiff's Complaint in a similar matter which will be discussed at length below, chronicled all of Plaintiff's lawsuits in this district. *See* Opinion, *Gage v. New Jersey Department of Envt'l Protection and Ruschke*, No. 21-10763 (D.N.J. Jan. 27, 2022), ECF No. 17 at 1–3 n.1 ("2022 Opinion"). The Court quotes from and supplements the list compiled by Judge Shipp:
(1) *Gage v. Township of Warren,* No. 09-519 (D.N.J. June 10, 2009) (Wolfson, J.) (dismissed for failure of pleading);
(2) *Gage v. New Jersey,* No. 10-2603 (D.N.J. June 11, 2010) (Wolfson, J.) (dismissed for failure of pleading), *aff'd,* 408 F. App'x 622 (3d Cir.);
(3) *Gage v. Wells Fargo Bank,* No. 11-862 (D.N.J. Mar. 5, 2012) (Wolfson, J.) (dismissed for, among other reasons, qualified immunity), *aff'd,* 521 F. App'x 49 (3d Cir. 2013);
(4) *Gage v. Warren Twp. Comm. & Planning Bd. Members,* No. 11-1501 (D.N.J. Nov. 29, 2011) (Wolfson, J.) (dismissed for, among other reasons, *res judicata* and judicial immunity), *aff'd,* 463 F. App'x 68 (3d Cir. 2012);
(5) *Gage v. Wells Fargo Bank,* No. 12-777 (D.N.J. July 9, 2013) (Wolfson, J.) (dismissed for, among other reasons, *res judicata* and imposing preclusion order), *aff'd,* 555 F. App'x 148 (3d Cir. 2014);
(6) *Gage v. Kumpf,* No. 12-2620 (D.N.J. Nov. 15, 2012) (Wolfson, J.) (dismissed for, among other reasons, *res judicata* and imposing preclusion order);
(7) *Gage v. Provenzano,* No. 13-2256 (D.N.J. Dec. 13, 2013) (Wolfson, J.) (dismissed for, among other reasons, *res judicata* and judicial immunity and imposing preclusion order), *aff'd,* 571 F. App'x 111 (3d Cir. 2014 );
(8) *Gage v. Miller,* No. 13-6985 (D.N.J. May 6, 2014) (Wolfson, J.) (dismissed for, among other reasons, judicial immunity and imposing preclusion order);
(9) *Gage v. Christie,* No. 14-2587 (D.N.J. May 6, 2014) (Wolfson, J.) (dismissed for violating preclusion order);
(10) *Gage v. Provenzano,* No. 14-5700 (D.N.J. Sept. 21, 2016) (Linares, J.) (dismissed for, among other reasons, res judicata);
(11) *Gage v. N.J. Gov. Chris Christie's Admin.,* No. 15-6964 (D.N.J. Sept. 24, 2015) (Kugler, J.) (dismissed with prejudice for violating preclusion order and judicial immunity), *aff'd,* No. 15-3382 (3d Cir. Jan. 8, 2016);
(12) *Gage v. N.J. Office of Atty Gen.,* No. 16-2790 (D.N.J. Oct. 17, 2016) (Linares, J.) (dismissed for, among other reasons, immunity);
(13) *Gage v. Somerset County,* No. 16-3119 (D.N.J. Dec. 19, 2017) (Martinotti, J.) (dismissed with prejudice for want of jurisdiction), *a.ff'd,* No. 17-1303 (3d Cir. May 26, 2017);
(14) *Gage v. Somerset County,* No. 19-9097 (D.N.J. Sept. 15, 2020) (Shipp, J.) (dismissed for insufficient service), *appeal dismissed,* No. 20-1110 (3d Cir. June 4, 2020);
(15) *Gage v. State of New Jersey,* No. 19-9098 (D.N.J. Dec. 30, 2019) (Shipp, J.) (dismissed for violating preclusion order), *aff'd,* No. 20-1075 (3d Cir. Oct. 8, 2020);
(16) *Gage v. Preferred Contractors Ins. Co.,* No. 19-20396 (D.N.J. Jan. 7, 2022) (Shipp, J.) (dismissed with prejudice for failure of pleading);

Environmental Protection ("NJDEP"). In late 2019, Plaintiff purchased a parcel of land in Hopatcong, New Jersey. ("Compl.," ECF No. 1 ¶ 27.) Plaintiff thereafter, in May 2020, "filed a Land Use Application for a minor development," likely attempting to develop the land. (*Id.* ¶ 4.) A private engineer for the Hopatcong's Land Use Board, determined that Plaintiff's application failed to address municipal codes concerning wetlands and other critical areas. (*Id.* ¶ 5.) Plaintiff requested a hearing with the Land Use Board, who approved Plaintiff's application only if he confirmed that his development would not disturb any wetlands. (*Id.* ¶¶ 9–10.) Plaintiff thereafter requested a decision from NJDEP regarding whether his property contained wetlands. (*Id.* ¶ 11.) In response, Defendants issued a "letter of interpretation" to plaintiff stating that they had "determined that State open waters, freshwater wetlands and their associated transition areas are present" on Plaintiff's property. (*Id.* ¶ 17, *see also* ECF No. 27, Ex. G.)[4] Plaintiff did not appeal this determination through the statutory appeals process pursuant to N.J.A.C. 7:7A-21. (*See* ECF No. 27, Ex. G.) Instead, Plaintiff chose to initiate this litigation. Plaintiff asserts fourteen causes of action in this Complaint, alleging, *inter alia*, violations of the Federal and New Jersey Constitutions.

B.    **PROCEDURAL HISTORY**

On March 30, 2022, for some reason, Plaintiff filed suit against Defendants in the District of Columbia District Court. (ECF No. 1.) Ruschke filed a Motion to Dismiss, ("Ruschke Mov.

---

(17) *Gage v. Lynch,* No. 20-16236 (D.N.J. Nov. 12, 2020) (Arleo, J.) (dismissed with prejudice for failure to state a claim); aff'd, No. 23-1168 (3d Cir. Aug. 17, 2023); and
(18) *Gage v. N.J. Envtl. Protection et al.*, No. 21-10763 (D.N.J. Jan. 27, 2022) (Shipp., J.) (dismissed for failure to state a claim).

[4] As the specific factual allegations in the Amended Complaint are at times unclear, the Court also relied on the Letter of Interpretation, which was attached as an exhibit to NJDEP's Motion to Dismiss. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993) (A court may also review "exhibits attached to the complaint and matters of public record," as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").

3

Br.," ECF No. 20), as did NJDEP Defendants, who also moved to dismiss based on improper venue, ("NJDEP Mov. Br.," ECF No. 24). Plaintiff filed a motion in opposition to Ruschke's motion, (ECF No, 21), as well as an opposition to NJDEP's motion, (ECF No. 29). Ruschke and Mott filed supplemental memoranda in support of their motion, (ECF Nos. 25, 26, 33), and NJDEP filed a reply, (ECF No. 30).[5] On September 27, 2023, the Honorable Carl J. Nichols, U.S.D.J., transferred this case to the District of New Jersey. (ECF Nos. 34, 35.) Following transfer to this Court, the Motions to Dismiss were reopened and are now ripe for disposition.

## II. LEGAL STANDARD

### A. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint based on lack of subject matter jurisdiction. In deciding a Rule 12(b)(1) motion to dismiss, a court must first determine whether the party presents a facial or factual attack to the jurisdiction, because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). In reviewing a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein . . . in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). On this posture, a court presumes that it lacks subject matter jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). By contrast, in reviewing a factual attack, the court

---

[5] Plaintiff filed a response at ECF No. 34.

4

may weigh and consider evidence outside of the pleadings. *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

Facial attacks typically occur prior to the defendant answering the complaint and the parties engaging in discovery. *See Askew v. Trustees of Gen. Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F.3d 413, 417 (3d Cir. 2012) ("As the defendants had not answered and the parties had not engaged in discovery, the first motion to dismiss was facial."). As Defendants contest whether the facts as pled in the Complaint establish standing, the Court construes Defendants' challenge as a facial challenge. *See Aichele*, 757 F.3d at 358 (holding that a facial attack "contests the sufficiency of the pleading") (quoting *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). The Court applies the same analysis "when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Petruska v. Gannon Univ.*, 462 F.3d 294, 299 n.1 (3d Cir. 2006).

## B.   FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under this rule, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In evaluating the sufficiency of a complaint, "[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citations omitted). However, the Court "need not credit bald assertions or legal conclusions" or allegations "involv[ing] fantastic factual scenarios lacking any arguable factual or legal basis" or that "surpass all credulity." *Degrazia v. F.B.I.*, No. 08-1009, 2008 WL 2456489, at *3 (D.N.J. June 13, 2008),

*aff'd*, 316 F. App'x 172 (3d Cir. 2009) (citations and quotation marks omitted). "Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth." *Valentine v. Unifund CCR, Inc.*, No. 20-5024, 2021 WL 912854, at *1 (D.N.J. Mar. 10, 2021) (citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011)).

A court must only consider "the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions or a formulistic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

The Third Circuit has advised that courts should apply procedural rules, like Rule 8, "flexibl[y]" to *pro se* plaintiffs. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Indeed, this caution is "driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (citations omitted) (cleaned up); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." (citation omitted)).

### III.     DISCUSSION

#### A.     RUSCHKE

The Court first turns to Ruschke's Motion to Dismiss. Ruschke move to dismiss under Rule 12(b)(6), contending, *inter alia*, that Plaintiff's claims are barred under the doctrines of *res judicata* and collateral estoppel. (Ruschke Mov. Br. at 5–9.)

##### 1.     *Res Judicata*

*Res judicata*, or claim preclusion, bars a party from pursuing a second suit against the same adversary based on the same cause of action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). "A party seeking to invoke *res judicata* must establish three elements: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *McLaughlin v. Bd. of Trs. of Nat'l Elevator Indust. Health Benefit Plan*, 686 F. App'x 118, 121 (3d Cir. 2017) (citing *Mullarkey*, 536 F.3d at 225).

For purposes of determining what constitutes a "cause of action" to satisfy the third element, a court looks to "the essential similarity of the underlying events giving rise to the various legal claims." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010). "[T]he focus is on 'whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same.'" *Shah v. United States*, 540 F. App'x 91, 94 (3d Cir. 2013) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). "It is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (quoting *Sheridan*, 609 F.3d at 261); *see also Matrix Distribs., Inc. v. Nat'l Ass'n of Bds. of Pharmacy*, No. 18-17462, 2020 WL 7090688, at *4 (D.N.J. Dec. 4, 2020) (although the legal theories in two lawsuits were not identical, the later was

claim barred because the suits "involve[d] a 'common nucleus of operative facts'" and thus the same claim (quoting *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020))).

Although *res judicata* is typically raised as an affirmative defense, it may be considered on a motion to dismiss if its applicability can be determined from the face of the complaint and any documents properly considered on a Rule 12(b)(6) motion. *Walzer v. Muriel, Siebert & Co.*, 221 F. App'x 153, 155 (3d Cir. 2007) (citing *Connelly Found. v. Sch. Dist. of Haverford Twp.*, 461 F.2d 495, 496 (3d Cir. 1972)). For the purposes of this motion, the Court may take judicial notice of the pleadings and orders from the prior proceedings in order to establish the nature and scope of prior proceedings between the parties. *See also Kauffman v. Moss*, 420 F.2d 1270, 1274 (3d Cir. 1970) ("Where a motion to dismiss is made on the basis of collateral estoppel, it is usually necessary for the court to examine the record of the prior trial."); *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (per curiam) (*res judicata* defense "may be raised and adjudicated on a motion to dismiss and the court can take judicial notice of all facts necessary for the decision"); *cf. Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("[O]n a motion to dismiss, we may take judicial notice of another court's opinion—not for the truth of the matter asserted, but for the existence of the opinion.").

The Court finds that *res judicata* bars Plaintiff's claims in this case. As mentioned above, Plaintiff filed a lawsuit in 2021 on the same facts against similar defendants in this same district. The Court takes judicial notice of Judge Shipp's 2022 Opinion which clearly disposed of Plaintiff's claims. *See Simoni v. Luciani*, 872 F. Supp. 2d 382, 390 (D.N.J. 2012) ("Dismissal for failure to state a claim serves as a final judgment on the merits.") Many of the parties in the former suit are the same as the present action—NJDEP and Ruschke were both named in the prior suit. Third,

Plaintiff raises many of the same claims in his previous suit as he does here. Plaintiff reasserts eleven claims in this suit, including for violations of Sections 1983 and 1985. (*Compare* Compl. ¶¶ 59–175 *with* Complaint, *Gage v. New Jersey Department of Environmental Protection and Ruschke*, No. 21-10763 (D.N.J. Jan. 27, 2022), ECF No. 1 ¶¶ 55–166 ("2021 Complaint").) The factual allegations in the 2021 Complaint complained of the same actions arising out of the same transaction as the Complaint here. Plaintiff discusses his purchase of a property at lot 15, Block 11112 in Hopatcong, his May 2020 Land Use Application, and Defendants' requirement that Plaintiff adhere to the requirements for major land use developments and obtain the necessary permits. (*See* 2021 Compl. ¶¶ 19; 32, 34–41.) In fact, many of the paragraphs in Plaintiff's Complaint in this case appear to be copied and pasted from his 2021 Complaint. (*Compare* Compl. ¶¶ 10–12 *with* 2021 Compl. ¶¶ 41–43.)

Judge Shipp found that Plaintiff's claims were clearly barred under the sovereign immunity doctrine of the Eleventh Amendment and that no exceptions to the doctrine applied. (*See* 2022 Opinion at 5.) In addition, Judge Shipp held that Ruschke was entitled to qualified immunity because Ruschke engaged in a discretionary action that he was entrusted to perform as a state official and did not violate any of Plaintiff's constitutional rights. (*See id.* at 7.)

Plaintiff adds three new causes of action in his Complaint in the case at bar—a common law official misconduct claim against Ruschke, a Fifteenth Amendment claim against all Defendants, and a failure to supervise claim against NJDEP, LaTourette, and Mott. However, the fact that Plaintiff has added new theories of recovery in the instant action is "not dispositive," *Blunt*, 767 F.3d at 277, because the "underlying events giving rise to the various legal claims," are identical, *Sheridan*, 609 F.3d at 261.

Moreover, the fact that Plaintiff added new Defendants does not somehow allow Plaintiff to avoid the *res judicata* doctrine. The Third Circuit has explained that "*res judicata* may be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants"—also referred to as "privity." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991) (quoting *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972)). Courts have found privity to exist where there is an employer-employee relationship between defendants, and thus the doctrine of res judicata applies. *See Est. of Moore v. Roman*, No. 18-16345, 2019 WL 4745073, at *4 (D.N.J. Sept. 27, 2019) (collecting cases for the proposition that employers and employees are in privity). As such, the Court finds that *res judicata* applies to Plaintiff's claims here, and therefore, the Plaintiff's Complaint must be dismissed.[6]

---

[6] Even if the Court were to find that *res judicata* did not apply to the newly named defendants, another preclusion doctrine—collateral estoppel—would preclude those claims. Collateral estoppel, or issue preclusion, "prevents relitigation of a particular fact or legal issue that was litigated in an earlier action." *Seborowski v. Pittsburgh Press Co.*, 188 F.3d 163, 169 (3d Cir. 1999). For collateral estoppel to apply, five elements must be met: "(1) the identical issue was decided in a prior adjudication; (2) the issue was actually litigated; (3) there was a final judgment on the merits; (4) the determination was essential to the earlier judgment; and (5) the party against whom the doctrine is asserted was a party or in privity with a party to the earlier proceeding." *Kaetz v. United States*, No. 22-3469, 2023 WL 2706841, at *5 (D.N.J. Mar. 30, 2023). As discussed above, Plaintiff's previous Complaint presented the issue of whether Defendants' actions in denying his permit were reasonable and violated any laws. The fact that Defendant added three new causes of action does not change this analysis. *See Dowdell v. Univ. of Med. & Dentistry of New Jersey*, 94 F. Supp. 2d 527, 540 (D.N.J. 2000) (holding that claim preclusion "require[s] a plaintiff to present all claims arising out of the same occurrence in a single suit." (citations omitted)). Moreover, the issue was actually litigated as evidenced by Judge Shipp's 2022 Opinion, discussed above. Third, there was a final judgment on the merits, such that Plaintiff "has had his day in court on an issue." *Hart v. Wells Fargo Bank, N.A.*, No. 21-14644, 2022 WL 1963666, at *3 (D.N.J. June 6, 2022), *aff'd*, No. 22-2229, 2023 WL 3244574 (3d Cir. May 4, 2023) (quoting *Farah v. LaSalle Bank Nat'l Ass'n as Tr. for WAMU Mortg. Pass-Through Certificates Series 2006-AR7 Tr.*, No. 15-2602, 2021 WL 363703, at *4 (D.N.J. Feb. 3, 2021)). Finally, the issue of Defendants' actions concerning Plaintiff's land was essential to the earlier judgment, as it was the basis of Plaintiff's suit. Finally, Plaintiff is the same party as in his 2021 Complaint.

B.  **NJDEP Defendants**

The Court next briefly turns to NJDEP Defendants' Motion to Dismiss. NJDEP Defendants move to dismiss the Complaint pursuant to both Rule 12(b)(6) and 12(b)(1). They contend that, as a state entity, the NJDEP is entitled to sovereign immunity and is thus immune from suit. (*See* NDJEP Mov. Br. at 8–11.) NJDEP Defendants also claim that the individual defendants are entitled to qualified immunity and are likewise immune from suit. (*See id.* at 12–17.) For the reasons discussed below, the Court agrees and will grant NJDEP Defendants' Motion.

1.  **Sovereign Immunity of NJDEP**

"[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). The Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity under "the Eleventh Amendment does not permit a damages action against a state in federal court." *Dukes v. New Jersey Transit Corp.*, No. 16-08947, 2018 WL 1378726, at *5 (D.N.J. Mar. 19, 2018). Not only has this amendment "been interpreted to make states generally immune from suit by private parties in federal court," but this protection also "extends 'to state agencies and departments.'" *Perez v. New Jersey*, No. 14-4610, 2015 WL 4394229, at *4 (D.N.J. July 15, 2015) (quoting *MCI Telecomm. Corp. v. Bell Atlantic Pa.*, 271 F.3d 491, 503 (3d Cir.2001)). Unless a party waives its sovereign immunity, "a court is without subject matter jurisdiction over claims against . . . agencies or officials in their official capacities." *Treasurer of New Jersey v. U.S. Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012).[7]

---

[7] "A waiver of sovereign immunity must be express and unambiguous to confer subject matter jurisdiction on a court." *Treasurer of New Jersey*, 684 F.3d at 396. Here, Plaintiff does not argue NJDEP waived its

To determine whether an "entity is properly characterized as an arm of the state" and thus entitled to sovereign immunity, courts in the Third Circuit have applied a three-factor test: "(1) whether the payment of the judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 545–56 (3d Cir. 2007). Numerous courts applying this test have held that NJDEP is an arm of the state. *Bellocchio v. New Jersey Dep't of Env't Prot.*, 16 F. Supp. 3d 367, 384 (D.N.J. 2014), *aff'd*, 602 F. App'x 876 (3d Cir. 2015) (holding that "[t]he NJDEP, as a public entity of the State of New Jersey, is entitled to immunity under the Eleventh Amendment"); *Strategic Env't Partners, LLC v. Bucco*, 184 F. Supp. 3d 108, 121–22 (D.N.J. 2016) ("Sovereign immunity thus bars the Court from hearing the federal claims Plaintiffs assert against the NJDEP.") *Lawson v. K2 Sports USA*, No. 08-6330, 2009 WL 995180, at *3 (D.N.J. Apr. 13, 2009) (same). This immunity also applies to individual NJDEP officials acting in their official capacity "because 'such a suit is no different from a suit against the State itself.'" *Bucco*, 184 F. Supp. 3d at 121 (quoting *Grohs v. Yatauro*, 984 F.Supp.2d 273, 280 (D.N.J.2013)). As such, the Court finds that Plaintiff's federal law claims against NJDEP are barred by sovereign immunity.

The Court also dismisses Plaintiff's state law claims against NJDEP. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a) "does not 'authorize district courts to exercise courts to exercise jurisdiction over claims against nonconsenting States, even though nothing in the statute

---

immunity, and NJDEP Defendants' motion argues otherwise. Two other exceptions to sovereign immunity exist: "Congress may abrogate state sovereign immunity in the exercise of its power to enforce the Fourteenth Amendment." *Antonelli v. New Jersey*, 310 F. Supp. 2d 700, 713 (D.N.J. 2004), *aff'd*, 419 F.3d 267 (3d Cir. 2005). However, Congress did not do same in passing Section 1983. *Id.* at 714. In addition, sovereign immunity may be waived pursuant to the *Ex Parte Young* doctrine. This doctrine only applies, however, in suits for prospective, injunctive relief concerning violations of federal law. *Id.* at 712 (citing *Ex parte Young*, 209 U.S. 123 (1908)). Plaintiff's suit only concerns damages, and thus the *Ex Parte Young* exception does not apply. *See Bucco*, 184 F. Supp. 3d at 122.

expressly excludes such claims.'" *Figueroa v. City of Camden*, 580 F. Supp. 2d 390, 405 (D.N.J. 2008) (quoting *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541, (2002)). As NJDEP has not waived its sovereign immunity, any state law claims are barred by this doctrine as well. *See Bucco*, 184 F. Supp. 3d at 122 (state law claims barred under sovereign immunity).

### 2. Qualified Immunity of the Individual NJDEP Defendants

Plaintiff's suit also names three individuals—LaTourette, Squazzo, and Dench—who hold various positions within NJDEP.[8] The qualified immunity doctrine "shield[s] government officials performing discretionary functions . . . 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is not a "mere defense to liability" but rather "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Therefore, it is important to "resolv[e] immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). A court hearing a claim to qualified immunity must determine both whether the plaintiff has shown a violation of a constitutional right and whether the right was "clearly established" at the time of the alleged constitutional violation. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (discussing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

At various points in his Complaint, Plaintiff alleges that NJDEP Defendants violated the Due Process and Equal Protection Clauses. (*See, e.g.*, Compl. ¶¶ 25, 190.) At best, Plaintiff contends that NJDEP Defendants violated his constitutional rights by "depriving Plaintiff of his

---

[8] While Plaintiff does not differentiate between asserting claims against the three individual defendants in their official versus individual capacity, in order to construe Plaintiff's *pro se* Complaint liberally, the Court will analyze Plaintiff's claims under either theory.

13

right of freedom to build . . . on his property." (*Id.* ¶ 62.) Of note, Plaintiff contends that NJDEP "imposed on Plaintiff's application the alleged requirements for major developments instead of a minor development," thus requiring Plaintiff to obtain approvals from NJDEP. (*Id.* ¶ 8.) The Court finds both allegations without merit.

The Equal Protection Clause states that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To prevail on an equal protection claim, a plaintiff must present evidence that s/he has been treated differently from persons who are similarly situated." *Renchenski v. Williams*, 622 F.3d 315, 337 (3d Cir. 2010) (quoting *Williams v. Morton*, 343 F.3d 212, 221 (3d Cir.2003)). In certain circumstances, a plaintiff may assert an equal protection claim under a "class of one" theory. *Id.* To do so, a plaintiff must show that intentional treatment "differently from others similarly situated and that there [was] no rational basis for the difference in treatment." *Id.* at 337–38 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Here, even construing Plaintiff's Complaint liberally, it contains no allegations that he was treated differently than any other persons, let alone that Defendants did not have a rational basis for their actions. As such, Plaintiff's equal protection claim fails.

Plaintiff's Due Process claim under the Fourteenth Amendment also fails. The Due Process Clause states that "no state shall 'deprive any person of life, liberty, or property, without due process of law.'" *Toussaint v. Szeto*, No. 22-2446, 2022 WL 1541545, at *2 (D.N.J. May 13, 2022) (quoting U.S. Const. amend XIV)). There are both substantive and procedural components of the Fourteenth Amendment. *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 139 (3d Cir. 2000). Plaintiff does not specify which aspect he believes Defendants have violated, so the Court will address both.

"To state a claim for deprivation of procedural due process, a plaintiff must demonstrate that (1) he was deprived of an individual interest included within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Toussaint*, 2022 WL 1541545, at *2 (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 233–34 (3d Cir. 2006)).

Plaintiff's Complaint fails to allege facts sufficient to sustain a due process claim. It appears Plaintiff contends that Defendants deprived him of his "freedom" by determining that wetlands were present on his property. (Compl. ¶¶ 63–64.) However, Plaintiff had a state procedural remedy available to him, which he chose not to avail himself of. As discussed above, Plaintiff may appeal the board's finding that his property contained wetlands. (*See* ECF No. 27, Ex. G.) There is no due process violation where a plaintiff has the opportunity to appeal. *See Rizzo v. Connell*, No. 10-4136, 2012 WL 32206, at *9 (D.N.J. Jan. 5, 2012) (denying due process claim where the plaintiff chose "not to avail himself of it")

Similarly, Plaintiff fails to plead a substantive due process violation. To make out a substantive due process claim, "a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." *Chambers ex rel. Chambers v. Sch. Dist. Of Philadelphia Bd Of Educ.*, 587 F.3d 176, 190 (3d Cir. 2009) (citations omitted). Substantive due process claims "do not arise out of state-created liberty interests;" these rights "are founded not upon state law but upon deeply rooted notions of fundamental personal interests derived from the Constitution." *Steele v. Cicchi*, 855 F.3d 494, 501 (3d Cir. 2017) (quoting *Nunez v. Pachman*, 578 F.3d 228, 233 (3d Cir. 2009)). However, even assuming Plaintiff alleged that the NJDEP Defendants denied him the permits to develop his land, which he has not, "a landowner's disagreement over a municipality's decision as

to a permit application or zoning decision is insufficient to state a substantive due process claim." *Lane v. Easttown Twp.*, No. CV 20-5761, 2021 WL 4453625, at *3 (E.D. Pa. Sept. 29, 2021). Therefore, the Court holds that Plaintiff has failed to allege a due process violation. As such, the Court finds that the individual NDJEP Defendants are entitled to qualified immunity.[9]

### C. DISMISSAL WITH PREJUDICE

The court need not dismiss without prejudice and with leave to amend if amendment would be "inequitable or futile." *See Columbus LTACH Mgmt., LLC v. Quantum LTACH Holdings, LLC*, No. 16-6510, 2019 WL 2281632, at *4 (D.N.J. May 29, 2019) (dismissing with prejudice because plaintiff had repeatedly failed to correct the same deficiency in his pleading); *Callaway v. New Jersey State Police Troop A*, No. 12-5477, 2015 WL 1202533, at *7 (D.N.J. Mar. 17, 2015) (dismissing claims with prejudice where "the underlying circumstances from [the relevant factual period] have not substantially changed" and Plaintiff had previous opportunities to plead his claims); *Henry v. City of Allentown*, No. 12-1380, 2013 WL 6409307, at *2 (E.D. Pa. Dec. 9, 2013) ("[A] District Court may exercise its discretion and refuse leave to amend if such amendment would be futile, particularly when a plaintiff has had multiple opportunities to improve the pleadings."). Moreover, when lawsuits are barred by *res judicata*, such as the case at bar, the Third Circuit has found that dismissal with prejudice is appropriate. *Jackson v. Dow Chem. Co.*, 518 F. App'x 99, 103 (3d Cir. 2013) (affirming dismissal with prejudice where plaintiff's claims were barred by *res judicata*); *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 174 (3d Cir. 2009) (same).

---

[9] Ruschke seeks the Court to sanction Plaintiff pursuant to Rule 11 to prevent him from filing further complaints. In a prior Opinion denying Plaintiff's Motion for Reconsideration in the 21-10763 matter, Judge Shipp warned Plaintiff that sanctions may be filed in the future. (*See* 21-10763, ECF No. 25 at 3 n.1). The Court declines to assess sanctions pursuant to Rule 11 at this time. However, the Court notes that this is Plaintiff's second strike. If there is a third strike, the Court will not hesitate to impose sanctions on Plaintiff. An argument can be made that such are overdue.

Generally, this Court will avail a *pro se* plaintiff a particular liberality in allowing them attempts to amend their complaint. However, in light of the serial nature of Plaintiff's unsuccessful filings in this district, coupled with the fact that this case is a resuscitation of a previously dismissed case by Judge Shipp, the Court will dismiss Plaintiff's claims with prejudice. The underlying facts of Plaintiff's two complaints did not change. Thus, allowing Plaintiff to file an amended complaint would only serve to needlessly extend this litigation, and subject the Defendants to additional cost in added time, attention and financial expense. Accordingly, the Court will dismiss the Complaint with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants' Motions are **GRANTED**. Plaintiff's Complaint is **DISMISSED** with prejudice.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

Dated: March 12, 2024