NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS I. GAGE,<br><br>Plaintiff,<br><br>v.<br><br>NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, *et al.*,<br><br>Defendants. | Civil Action No. 23-21264 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Thomas Gage's ("Plaintiff") Motion for Extension of Time to File a Notice of Appeal. (ECF No. 49, the "Motion.") Defendants Mott Macdonald and John Ruschke (together, "Opposing Defendants") oppose the Motion. (ECF No. 50.) After briefing on the Motion, the Court provided the Plaintiff with a second opportunity to explain the basis for an extension of time. (ECF No. 52.) Plaintiff filed a response. (ECF No. 53, the "Response"; together with the Motion, the "Papers.") The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Motion for Extension of Time to File a Notice of Appeal is **DENIED**.

I. **Background**

The Court recounts only the facts necessary to resolve this motion. In its March 12, 2024 Opinion (the "Memorandum Opinion"), the Court dismissed Plaintiff's Complaint with prejudice on *res judicata*, sovereign immunity, and qualified immunity grounds. (*See* ECF No. 45 at 7, 11, 13.) In dismissing the Complaint, the Court noted that it was "one of a never-ending series of

complaints that Plaintiff has filed in this district." (ECF No. 45 at 2.) Twenty-seven days after the decision, Plaintiff filed a Motion for Extension of Time to File a Notice of Appeal pursuant to Federal Rule of Appellate Procedure ("Rule") 4(a)(5)(A). (ECF No. 49 at 1.)

In the Motion, Plaintiff asserts that the Court's Memorandum Opinion (ECF No. 45) and Order (ECF No. 46) dismissing his Complaint denied him "[m]eaningful access to justice" and "does not comply with the [d]ue [p]rocess of the [l]aw." (ECF No. 49 at 2.) The Opposing Defendants argue in a letter brief that the Motion put forth no evidence of "excusable neglect or good cause" as required under Rule 4(a)(5). (ECF No. 50 at 1–2.) They also further characterize this Motion as being "cloaked as a request for an extension of time to appeal but operat[ing] as another baseless attack on [John Ruschke,] Mott [MacDonald,] and the Court." (*Id.* at 2.)

Thereafter, the Court provided *pro se* Plaintiff with an additional "ten (10) days to file an affidavit under penalty of perjury to set forth a basis on which he can meet either the excusable neglect or good cause standards" to warrant an extension of time to file a notice of appeal. (ECF No. 52.) Plaintiff's Response not only fails to meet the standards but declines to even make an attempt to meet them. (*See* ECF No. 53.)

II.     **Legal Standard**

Governed by Rule 4, extensions of time to file a notice of appeal are "limited and exceptional." *Joseph v. Hess Oil V.I. Corp.*, 651 F.3d 348, 355 (3d Cir. 2011). Rule 4(a)(1)(A) provides that "[i]n a civil case, . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." The district court may extend the time to file a notice of appeal if the moving party makes such a request "no later than 30 days

2

after the time prescribed by this Rule 4(a) expires" (this means ordinarily within 60 days of the entry of the order) and "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). The Rule requires that the moving party show excusable neglect or good cause even when the motion is filed before the time to appeal has expired. *Id.*

### III.  Discussion

Plaintiff's Motion seeking an extension of the deadline to file a notice of appeal was timely because it was brought within 60 days of the Court's Order dismissing the Complaint with prejudice. However, even when liberally construing Plaintiff's Motion as he is *pro se*, no excusable neglect or good cause for an extension has been shown. Given Plaintiff's *pro se* status, the Court provided him with another chance to show justification for an extension here. Because Plaintiff failed to properly allege excusable neglect or good cause, at either opportunity, an extension of time is unwarranted here.

"The good cause standard applies is situations in which there is no fault," such as those involving "unforeseen or uncontrollable events." *Hill v. Lycoming Cnty. Gov't*, No. 21-2017, 2021 WL 4240358, at *1 (3d Cir. Sept. 17, 2021) (quoting *Joseph*, 651 F.3d at 355) (internal quotations omitted). Excusable neglect, on the other hand, is applicable when there is some fault. *Id.* In evaluating whether excusable neglect is present, the Court considers the *Pioneer* factors: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Eady v. Tapfury LLC*, No. 22-2619, 2023 WL 3376541, at *1 (3d Cir. May 11, 2023) (quoting *Pioneer Inv. Servs. Co. v.*

3

*Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (alterations in original; internal quotations omitted).

It is not the Court's role to make arguments on a litigant's behalf, even where the litigant is *pro se*. *Anglin v. Anglin*, No 16-04049, 2024 WL 3355303, at *9 (D.N.J. July 9, 2024). As such, the Motion nor the Response contain any evidence of unforeseen or uncontrollable events or anything else that would justify a finding of good cause. (*See generally* ECF No. 49.) Accordingly, the Court then shifts to the excusable neglect analysis.

The Papers makes no explicit arguments relating to excusable neglect. However, given that Plaintiff appears to be under the mistaken belief that the case is "still pending and not yet appealable[,]" (*id.* at 2), and given Plaintiff's *pro se* status, the Court will evaluate whether this misunderstanding about the procedural posture of the case amounts to excusable neglect justifies an extension. Upon evaluation of the *Pioneer* factors, however, a denial of the extension request is appropriate.

Looking to the first *Pioneer* factor, there is significant danger of prejudice to Defendants because they are "entitled to finality" on this prolonged litigation. *See Eady v. TapFury LLC*, No. 17-13483, 2022 WL 19830582, at *2 (D.N.J. Aug. 1, 2022), *aff'd*, No. 22-2619, 2023 WL 3376541 (3d Cir. May 11, 2023). In its Memorandum Opinion, the Court reasoned that dismissal with prejudice was appropriate by noting (i) "the serial nature of Plaintiff's unsuccessful filings in this district" and (ii) "th[e] case [was] a resuscitation of a previously dismissed case by Judge Shipp." (ECF No. 45 at 17.) Given these considerations, any further extension of this litigation would subject Defendants to unnecessary additional expenses.

4

Looking at the next factor, the delay here and its impact on the judicial proceedings may not seem significant as the filing of the extension request came 27 days after the Order was entered. But the calculus here is different as the case has already been closed before. Thus, any amount of delay involved in attempting to preserve a twice-closed case *does* have a substantial impact on the judicial proceedings because the Defendants remain in trepidation of new attempts to resuscitate these already-resolved claims.

To the third *Pioneer* factor, Plaintiff provides no explanation—reasonable or otherwise—for the delay, even after being given a second chance to provide a justification. Even assuming *arguendo* that Plaintiff was confused procedurally by Rule 4's requirements, any confusion about appealability cannot provide a reasonable basis for an extension as "ignorance of the law or failure to seek legal advice will not excuse failure to meet the filing deadline." *Lee v. Thompson*, 163 F. App'x 142, 144 (3d Cir. 2006) (internal quotation and citation omitted).

Finally, the extension should be denied because Plaintiff cannot satisfy the last *Pioneer* factor. Here, the Motion was not brought in good faith. As Opposing Defendants correctly allege, the Motion is a continuation of Plaintiff's "seemingly endless abuse of the judicial process." (ECF No. 50 at 2.) Plaintiff has been warned by two separate judges within our District in two separate proceedings that his conduct is sanctionable. (ECF No. 45 at 16 n.9 ("[T]he Court notes that this is Plaintiff's second strike. If there is a third strike, the Court will not hesitate to impose sanctions on Plaintiff.")) Moreover, despite laying out the proper standards for an extension of time in his Motion, Plaintiff makes no attempt to meet either standard—twice.

Accordingly, the *Pioneer* factors weigh heavily against granting an "exceptional" extension of time to file an appeal. As noted above, this is not Plaintiff's first bite at the apple. The allegations at issue here have already been (i) dismissed in a different lawsuit, (*see* No. 21-10763, ECF No. 18 (D.N.J. January 27, 2022), which subsequently denied reconsideration, (*see id.*, ECF No. 25 (D.N.J. September 28, 2022)); and (ii) dismissed *again* in this case, (*see* ECF No. 45). For the reasons set forth above, Plaintiff's Motion for an Extension of Time to File a Notice of Appeal is **DENIED**.

Accordingly, **IT IS** on this 22nd day of October, 2024,

**ORDERED** that Plaintiff's Motion for Extension of Time to File an Appeal, (ECF No. 49), is **DENIED**; and it is further

**ORDERED** that the case shall remain **CLOSED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order on Plaintiff by regular U.S. mail.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**